**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) ) Case No. 25-CV-1902-SMY |
| vs. | ) ) |
| KISHAWN NEWBERN, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff State National Insurance Company, Inc. ("State National") filed this action against Defendant Kishawn Newbern, seeking a declaratory judgment. Pending before the Newbern's motion to dismiss for lack of subject matter jurisdiction (Doc. 17).

State National makes the following relevant allegations in the Complaint: State National issued an automobile insurance policy to Lula Technologies, Inc., providing coverage for drivers who rent a vehicle through a Lula application, subject to certain conditions (Doc. 1, pp. 2–3 ¶¶ 7–12). In March 2024, Kishawn Newbern rented a vehicle from a rental shop with another person who was not listed as a driver on the rental agreement (*Id.*, p. 3 ¶¶ 13, 14). On March 30, 2024, the vehicle was involved in a motor vehicle accident while Newbern was in the passenger seat (*Id.* pp. 3–4 ¶¶ 16–18). Newbern thereafter filed claims against State National for uninsured motorist benefits and vexatious refusal to pay under the policy in a Missouri court (*Id.*, p. 2 ¶ 5). State National disputes that Newbern qualifies as an insured under the policy and seeks a declaratory judgment resolving the parties' rights and obligations (Doc. 1).

**Discussion**

Newbern argues the amount in controversy is insufficient to establish subject matter jurisdiction in this court.  Under 28 U.S.C. § 1332, district courts have subject matter jurisdiction over matters when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, when suit is commenced. *Meridian Sec. Ins. v. Sandowski*, 441 F.3d 536, 538 (7th Cir. 2006).  The amount in controversy alleged in the plaintiff's Complaint generally controls, unless it is legally impossible.  *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006).

Here, the applicable policy limit is $25,000 (Doc. 1-1, p. 50).  Newbern has a 40% contingency fee agreement with his counsel.  Newbern also asserts a claim for vexatious refusal to pay insurance proceeds in the underlying state case, for which, under MO. Rev. Stat. § 375.420, damages "not to exceed twenty percent of the first fifteen hundred dollars of the loss and ten percent of the loss in excess of fifteen hundred dollars" may be recovered.  Thus, even assuming Newbern can recover the maximum statutory penalty ($2,650) and incurs 40% attorney fees for recovery of the policy limits, the maximum amount in controversy alleged in the Complaint is $37,650—$37,350 below the jurisdictional threshold.

Citing *Midland Mgmt Co. v. Am. Alt. Ins. Corp.*, 132 F. Supp. 3d 1014 (N.D. Ill. 2015), State National contends Newbern "need only spend $37,350.01 on defense costs . . . to exceed" the jurisdictional threshold (Doc. 19, p. 3).  State National is correct that the cost of providing a defense to the insured in a declaratory-judgment action counts toward the amount in controversy. *Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d 511, 515 (7th Cir. 1968).  However, Newbern's case is materially distinguishable from *Midland*.

In *Midland*, the insurer sought a declaration concerning its duty to defend and indemnify the insured in an underlying action alleging personal injury and property-related damages. *Midland*, 132 F. Supp. 3d at 1019–21. The *Midland* court concluded the amount in controversy exceeded $75,000 because the plaintiffs alleged serious permanent injuries, pain and suffering, disability, and nuisance, that could reasonably result in a recovery exceeding the jurisdictional threshold. *Id*. The court further found that the insured's potential defense obligations, including taking at least four depositions of expert witnesses, reinforced that conclusion. *Id*.

By contrast, the underlying dispute here involves a fixed uninsured motorist policy limit of $25,000 and a statutorily capped vexatious refusal claim. The coverage dispute concerns only whether Newbern qualifies as an insured entitled to that limited contractual benefit, and the amount in controversy cannot be inflated by disproportionate litigation costs incurred to recover a $25,000 policy limit. *See Smith v. Am. General Life & Accident Ins. Co.*, 337 F.3d 888, 897 (7th Cir. 2003) (rejecting diversity jurisdiction where a plaintiff sought to rely on attorney's fees to bring a low-value state-law claim into federal court). As such, it is legally certain that the amount in controversy does not exceed $75,000.

## Conclusion

For the foregoing reasons, the Motion to Dismiss (Doc. 9) is **GRANTED**. This case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

**DATED:  April 29, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**

3